IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| THEODORE H. BUTZ, *et al.*, | * |
| Plaintiffs, | * Case No. PX 16-1508 |
| v. | * |
| PULTE HOME CORPORATION, | * |
| Defendant. | * |

******

**MEMORANDUM OPINION**

Pending before the Court is Defendant Pulte Home Corporation's ("Defendant") Motion for Clarification or, in the alternative, Motion for Reconsideration (ECF No. 27) of the Court's February 21, 2017 Memorandum Opinion, ECF No. 25. On April 27, 2017, the Court held a telephonically-recorded conference call addressing and denying the motion. ECF No. 40.

Federal Rule of Civil Procedure 54(b) provides that an interlocutory order, such as the Order denying Pulte's Motion to Dismiss, "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities." Fed. R. Civ. P. 54(b). *See also Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991) ("An interlocutory order is subject to reconsideration at any time prior to the entry of a final judgment."); Local Rule 105.10 (permitting the filing of a motion for reconsideration, within fourteen days of the issuance of the order that is the subject of the motion). Reconsideration is appropriate where (1) there has been a change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Humane Soc'y of United States v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, No. CV DKC 13-

1822, 2017 WL 1426007, at *3 (D. Md. Apr. 21, 2017) (citing *Akeva, LLC v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565–66 (M.D.N.C. 2005)).[1] A motion for reconsideration is not, however, an opportunity to relitigate issues already ruled upon simply because a party is dissatisfied with the outcome. *Beyond Sys., Inc. v. Kraft Foods, Inc.*, No. PJM–08–409, 2010 WL 3059344, at *2 (D. Md. Aug. 4, 2010).

As stated on the recorded conference call, none of the justifications for a motion to reconsider are present here. Defendant moves to reconsider the holding in the February 21, 2017 Opinion that § 15.1(1) of the Agreement does not govern responsibility for the at-issue tax as a matter of law. Further, Defendant reargues the terms of § 15.1(1) are ambiguous and thus susceptible to the introduction of extrinsic evidence. Defendant has provided no valid basis for the Court to reconsider its decision and only reiterates arguments previously rejected by the court. *See Beyond Sys., Inc.*, 2010 WL 3059344, at *2. The Court will not restate its analysis to reach the same result.

As a final matter, the Court addressed the scope of discovery going forward. Defendant seeks discovery as to whether Plaintiff provided sufficient notice of transfer tax pursuant to section 13-308 of the Maryland Tax and Property Article. During the conference, Defendant relied exclusively upon *DMH Joint Venture v. Hahner*, 80 Md. App. 257 (1989) in urging this Court to permit written discovery, depositions, and perhaps even expert designation on the issue of notice. In seeking a wide berth on discovery, Defendant represented that *DMH* not only

---

[1] In the Fourth Circuit, the precise standard governing a motion for reconsideration of an interlocutory order has not been identified. *Fayetteville Inv'rs*, 936 F.2d at 1472. While the standards articulated in Rules 59(e) and 60(b) are not binding in an analysis of Rule 54(b) motions, *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003), courts frequently look to these standards for guidance in considering such motions, *Akeva, LLC v. Adidas Am., Inc.*, 385 F.Supp.2d 559, 565–66 (M.D.N.C. 2005). *Accord Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (applying the identical three-pronged test in examining a motion for reconsideration pursuant to Rule 7).

requires *written* notice be given, but that notice in the Purchase and Sale Agreement is not enough.

      Defendant is only half correct in its reading of *DMH*. *DMH* indeed held that "§ 13-308 of the Tax Property Article . . . is not satisfied by the buyer's *actual* notice; *written* notice must be given." *Id.* at 267. However, contrary to Defendant's representation, *DMH* also clearly held that the particular Agreement of Sale—which stated that "[t]ransfer taxes shall be split between the Seller and Purchaser"—was "sufficient under the facts of this case to establish written notification to the buyer." *Id.* 270–71. With this correct statement of *DMH* in mind, the Court reiterates that discovery shall be appropriately circumscribed as to whether Defendant received *written* notice. Accordingly, to the extent either party views the discovery requests going forward as disproportionate to the needs of the case, the parties are directed to notify the Court immediately in writing in a letter pleading not to exceed three pages in length.

      A separate Order follows.

4/28/2017　　　　　　　　　　　　　　　　　　　　/S/
Date　　　　　　　　　　　　　　　　　　　Paula Xinis
　　　　　　　　　　　　　　　　　　　United States District Judge